IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31039
Summary Calendar

_____


ALBERT MACKLIN,

        Plaintiff-Appellant,

    v.

THE CITY OF NEW ORLEANS, Etc; ET AL

        Defendants

THE CITY OF NEW ORLEANS, a municipal corporation; RICHARD PENNINGTON, New
Orleans Police Chief, in his individual and official capacity; MARC MORIAL, Mayor of the City
of New Orleans, in his official and individual capacity,

        Defendants-Appellees

---------------------------------
Appeals from the United States District Court
for the Eastern District of Louisiana
---------------------------------
May 31, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:

     In this civil rights case, a dismissed police officer appeals the district court's entry of summary

judgment against him. For the reasons that follow, we affirm the judgment of the district court and

order appellant and his counsel to show cause why they should not be sanctioned for making frivolous

arguments on appeal.

--1--

I

Appellant Albert Macklin ("Macklin") served as a police officer in the New Orleans Police Department (the "Department") until his dismissal from the force after a January 28, 1998 off duty incident in which he struck a man over the head with his police baton. Although at the time of the incident Macklin was on suspension for a separate violation, he was wearing a police badge, had a police radio, and was at a gas station where he routinely worked a police detail. Macklin failed to seek medical treatment for the victim and also failed to report the incident to his supervisors. On May 6, 1999 he was arrested for aggravated battery, and on May 10, 1999 the Department suspended him for 180 days. An internal investigation by the Department's Public Integrity Division found that Macklin was the aggressor in the incident and was repeatedly untruthful to investigators. It further determined that Macklin had not offered any mitigating evidence at a disciplinary hearing. Macklin was therefore dismissed from the police force on February 18, 2000. He was given the right to appeal his termination to the Civil Service Commission (the "Commission"). The Commission held two hearings on Macklin's appeal, at which he was represented by counsel. After reviewing the evidence, the Commission upheld Macklin's dismissal.

After he was acquitted on the criminal charge, Macklin filed suit against appellees the City of New Orleans (the "City"), Police Chief Richard Pennington, and Mayor Marc Morial. He alleged claims of employment discrimination, false arrest, and violations of his constitutional rights. On July 10, 2001, the City filed a motion for summary judgment. Macklin, who had filed his own motion for summary judgment months earlier, failed to respond to the city's motion. Therefore, on August 3, 2001, the district court in a minute entry granted summary judgment in favor of the city pursuant to Local Rule 7.5E, which requires the filing of an opposition no later than eight days prior to the

hearing scheduled for the motion.

Macklin filed a notice of appeal from that minute entry on August 27, 2001. Although Macklin stated in his notice of appeal that "[t]he Court has dismiss [sic] with finality plaintiff's entire case[,]" only the claims against the City had been dismissed in the August 3, 2001 order. The district court then fixed this omission by issuing a minute entry on September 5, 2001 stating that its previous order "sho uld have included a dismissal as to the plaintiff's claims against defendants Richard Pennington and Marc Morial." In this second order, the district court indicated that Macklin would have fifteen days to file a motion for reconsideration.

On Macklin's motion for reconsideration, the district court reset its hearing on both Macklin's and the defendants' motions for summary judgment. On November 20, 2001, the district court granted defendants' motion and denied Macklin's motion. Six days later, on November 26, 2001, the district court entered judgment in favor of defendants. Macklin filed his second notice of appeal on November 29, 2001, again stating that "[t]he Court has dismiss [sic] plaintiff's entire case."

II

Macklin challenges the district court's grant of summary judgment, which we review de novo.[1] *See Mason v. United Air Lines, Inc.*, 274 F.3d 314, 316 (5th Cir. 2001). Specifically, Macklin

---

[1]It is clear that Macklin's first notice of appeal was premature, as the original summary judgment order did not include all defendants and Macklin failed to obtain certification pursuant to Fed. R. Civ. P. 54(b). Because Macklin filed a second, timely notice of appeal from the district court's final summary judgment order, we need not address the question of whether the doctrine of cumulative finality preserves our jurisdiction over the appeal despite the prematurity of the original notice of appeal. *Compare Jetco Elec. Indus. v. Gardiner*, 473 F.2d 1228 (5th Cir. 1973) (holding that jurisdiction exists despite premature notice of appeal from order not listing all parties where subsequent order did name parties, and orders, taken together, amounted to final disposition of claims) *with United States v. Cooper*, 135 F.3d 960, 963 (5th Cir. 1998) (stating that Supreme Court decision in *FirsTier Mortgage Co. v. Investors Mortgage Co.*, 498 U.S. 269 (1991) abrogated reasoning of *Jetco*).

complains that (1) the district court's application of its local rules violated "principles of right and justice" as well as Macklin's right to equal protection, (2) the district court erred in granting summary judgment against him, and, in doing so, circumvented Macklin's right to trial by jury, and (3) the district court erroneously rejected Macklin's equal protection and due process claims. We address these issues in turn.

A.

First, Macklin contends that the district court's application of its local rules was "inconsistent[] with the principles of right and justice and arbitrarily discriminate[d] against" him. In particular, he complains that the district court discriminated against him when it extended filing deadlines that the City was unable to meet. We review the district court's administrative handling of a case, including its enforcement of the local rules and its own scheduling orders for abuse of discretion. *See Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 509 (5th Cir. 1999). The City explains that at the time of the filing dates in question, it was experiencing a large staff turnover and was having difficulty meeting court deadlines. In light of these circumstances, it was within the discretion of the district court to extend some filing deadlines. As there is no indication that the district court exercised leniency unfairly or otherwise improperly prejudiced Macklin, we find no abuse of discretion.

Macklin also argues that the district court's application of Fed. R. Civ. P. 56 and its local rules violated his right to equal protection and that Rule 56 facially violates equal protection. This argument need not detain us long. His candid, if inartfully phrased, admission that "[a]fter extensive research of federal case law for decisions setting the equal protection requirement for district court to apply the rules equally, but have found few cases on point" suggests the weakness of his claim.

--4--

The only "discriminatory" treatment he identifies is the district court's decision to grant the City two continuances on its response to Macklin's summary judgment motion. He does not even assert that such an option was denied to him when he was filing a response to the City's motion for summary judgment. Moreover, he provides no explanation of how Rule 56 is discriminatory on its face.

B.

Macklin further contends that the district court erred by granting summary judgment against him, and by doing so circumvented his right to a jury trial. Macklin fails, however, to identify a single issue of fact, relying instead on the vague assertion that "[t]he evidence is such that a reasonable jury could return a verdict in favor of the appellant." In this case, the district court issued an opinion explaining its reasons for granting summary judgment. Rather than attacking the district court's reasoning and supporting his points with record citations and relevant authority, Macklin has chosen to merely conclusorily state that the district court erred. As this court has noted before, such an effort "is the same as if he had not appealed" the judgment at all. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Moreover, his argument that "[t]here is truly a conflict of law between a constitutional right to have trial by jury and the disposing of discrimination case [sic] through summary judgment proceedings" is patently frivolous. *See Plaisance v. Phelps* 845 F.2d 107, 108 (5th Cir. 1988).

C.

Macklin finally contends that his due process interests in property and liberty were violated by the absence of a pre-suspension hearing and the denial of a name clearing hearing.[2] Regarding

---

[2]In the headings in his brief, Macklin asserts that his equal protection rights were also violated. In the body of his argument, however, he fails to mention or articulate an equal protection violation. Accordingly, his equal protection argument is waived.

Macklin's suspension without pay, we have stated that due process is satisfied when the employee receives "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Schaper v. City of Huntsville*, 813 F.2d 709, 714 (5th Cir. 1987) (quoting *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985)). Macklin was given multiple opportunities to rebut the charges against him, and was represented by counsel during this stage of the administrative process. In light of these protections, we find no violation of due process. Furthermore, as the district court correctly found, Macklin cannot avoid summary judgment on his claim for denial of a name clearing hearing because he offered no evidence that he ever requested such a hearing. *See Rosenstein v. City of Dallas*, 876 F.2d 392, 396 (5th Cir. 1989) (noting requirement that employee must request a name clearing hearing).

## III

Having reviewed the record and the briefs, we conclude that the district court did not err in granting summary judgment against Macklin. Moreover, we are left with the inescapable impression that Macklin's arguments on appeal were so totally without merit and his briefing so sloppily prepared that sanctions may be warranted in this case. To this end, we order that Macklin and his counsel show cause why they should not be sanctioned under Fed. R. App. P. 38, our inherent power, or any other source of applicable law for making frivolous arguments on appeal. Their joint statement articulating their reasons for avoiding sanction shall be filed no later than 15 days after the filing of this opinion and shall not exceed 30 pages.

For the foregoing reasons, we AFFIRM the judgment of the district court and ORDER Macklin and his counsel to SHOW CAUSE why sanctions should not be imposed for frivolous appeal.