IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00214-CV

 

The City of Waco, Texas,

                                                                      Appellant

 v.

 

Larry Kelley,

                                                                      Appellee

 

 

 



From the 74th District Court

McLennan County, Texas

Trial Court No. 2002-1959-3

 



Opinion on remand



 








          The City of Waco appeals a summary
judgment rendered in Larry Kelley’s favor which affirmed the decision of an
independent hearing examiner: (1) reducing Kelley’s indefinite suspension as a
police officer to a 180-day temporary suspension; (2) reinstating Kelley at the
rank of sergeant; and (3) determining that Kelley “should be made whole subject
to the normal principles of mitigation.”  The district court also awarded
attorney’s fees to Kelley.  The City contends in four issues that: (1) the
hearing examiner exceeded his jurisdiction by reducing Kelley’s suspension
after finding the charges true; (2) the hearing examiner exceeded his
jurisdiction by demoting Kelley to the rank of sergeant; (3) the hearing
examiner exceeded his jurisdiction by awarding back pay and benefits to Kelley;
and (4) the district court erred by awarding attorney’s fees to Kelley.  Kelley
contends in a cross-issue that the court erred by denying his appeal of the
hearing examiner’s refusal to dismiss the indefinite suspension because he was
indefinitely suspended before he was convicted of the offense which was the
basis for the suspension.

          On original submission, this Court
vacated the judgment of the trial court for want of jurisdiction and dismissed
the appeal.  City of Waco v. Kelley, No. 10-03-214-CV, 2004 WL 2481383 (Tex. App.—Waco Oct. 29, 2004) (citing City of Houston v. Clark, 142 S.W.3d 350 (Tex.
App.—Houston [1st Dist.] 2004)).  On decisions issued the same day however, the
Supreme Court reversed the decision of the First Court of Appeals in Clark and our decision in Kelley, concluding in both that the trial court had
jurisdiction.  See City of Waco v. Kelley, 197 S.W.3d 324, 325 (Tex. 2006) (per curiam); City of Houston v. Clark, 197 S.W.3d 314, 324 (Tex. 2006).

          We will affirm in part and reverse and
render in part.

Background

          Kelley was Waco’s Assistant Chief of
Police in January 2001 when he was arrested in Austin for driving while
intoxicated.  After an internal investigation, Chief of Police Alberto Melis issued
a letter of suspension on April 2, suspending Kelley indefinitely.  Kelley
appealed the suspension to an independent third party hearing examiner who
issued his decision in June 2002.  The hearing examiner found the charges to be
true but reduced the indefinite suspension to a 180-day suspension with
reinstatement at the rank of sergeant.  The examiner also determined that
Kelley “should be made whole subject to the normal principles of mitigation.”

          The City challenged this decision by
appeal to district court under section 143.057(j) of the Local Government
Code.  See Tex. Loc. Gov’t Code
§ 143.057(j) (Vernon Supp. 2006).  The City contended in its petition that the
hearing examiner exceeded his jurisdiction by (a) considering evidence not
presented at the hearing, (b) reducing the period of suspension and demoting
Kelley, and (c) awarding back pay and benefits.  Kelley filed a general denial,
accompanied by: (a) a request to dismiss the City’s appeal because there was no
basis for the district court to assert jurisdiction under section 143.057(j),
(b) a request that the district court reconsider the hearing examiner’s denial
of his motion to dismiss the indefinite suspension, and (c) a request for
attorney’s fees.

          Kelley later filed a motion to dismiss
the city’s appeal to district court for want of jurisdiction alleging that
Chapter 143 of the Local Government Code provides for an appeal of a hearing
examiner’s decision only by a fire fighter or police officer.

          Kelley also filed a no-evidence
summary judgment motion.  In this motion, Kelley contended that the City could
produce no evidence that the hearing examiner exceeded his jurisdiction.  In a
response, the City argued that the hearing examiner exceeded his jurisdiction
by: (1) considering a document entitled a Blood Alcohol Content Calculator
which was not presented during the hearing but attached to a post-hearing brief
submitted by Kelley; (2) reducing Kelley’s indefinite suspension to a 180-day
suspension after finding the charges against Kelley true; (3) awarding Kelley
back pay and benefits; and (4) considering Kelley’s “popularity within the
Department” as a basis for reinstatement.

          Finally, Kelley filed a counter-appeal
contending that the hearing examiner should have granted his motion to dismiss
the City’s letter suspension dated April 2, 2001 because the City did not
strictly comply with the requirements of section[1]
143.056.  See Tex. Loc. Gov't
Code Ann. § 143.056 (Vernon 1999).

          After a hearing, the court granted
Kelley’s no-evidence motion, denied Kelley’s motion to dismiss, denied Kelley’s
counter-appeal, affirmed the hearing examiner’s decision, and awarded Kelley
$12,500 in attorney’s fees.

Standards of Review

          We apply the same standard in
reviewing a no-evidence summary judgment as we would in reviewing a directed
verdict.  Rice v. Russell-Stanley, L.P., 131 S.W.3d 510, 513 (Tex. App.—Waco
2004, pet. denied).  We review the summary-judgment evidence in the light most
favorable to the non-movant, disregarding all contrary evidence and
inferences.  Id. A no-evidence summary judgment will be defeated if the
non-movant produces some evidence on the elements challenged by the movant.  Id.

          The decision of an independent
third-party hearing examiner ordinarily is “final and binding on all parties.” 
Tex. Loc. Gov’t Code Ann. § 143.057(c)
(Vernon Supp. 2006).  However, a party may challenge the hearing examiner’s decision
in district court on the grounds that the hearing examiner “was without
jurisdiction or exceeded its jurisdiction or that the order was procured by
fraud, collusion, or other unlawful means.”  Id. § 143.057(j); see
City of Laredo v. Leal, 161 S.W.3d 558, 562-63 (Tex. App.—San Antonio 2004,
pet. denied).  This has been construed as an “abuse-of-authority” standard.  See
Leal, 161 S.W.3d at 563; City of Garland v. Byrd, 97 S.W.3d 601, 607
(Tex. App.—Dallas 2002, pet. denied); Nuchia v. Tippy, 973 S.W.2d 782,
786 (Tex. App.—Tyler 1998, no pet.).  “An abuse of authority occurs when a
decision is so arbitrary and unreasonable that it amounts to a clear and
prejudicial error of law.”  Leal, 161 S.W.3d at 563; Byrd, 97
S.W.3d at 607; see also City of Carrollton Civil Serv. Comm’n v. Peters,
843 S.W.2d 186, 188 (Tex. App.—Dallas 1992, writ denied) (citing Walker v.
Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)).

Authority to Reduce Period of Suspension

          The City contends in its first issue
that the hearing examiner exceeded his jurisdiction by reducing the length of Kelley’s
suspension after finding that Kelley violated the Code of Conduct provisions of
the Waco Police Department General Orders (General Order 10.01) and section 53
of the Fire Fighters’ and Police Officers’ Civil Service Regulations.  The City
argues that section 143.014 controlled the hearing examiner’s decision because
Kelley was an assistant chief when he was suspended.  See Tex. Loc. Gov’t Code Ann. § 143.014 (Vernon 1999).

          Kelley responds that the hearing
examiner’s decision is authorized by section 143.053, which applies generally
to police officers and fire fighters with civil service protection.  Tex. Loc. Gov’t Code Ann. § 143.053 (Vernon Supp. 2006).  Therefore, we must construe these statutes to determine whether the
hearing examiner exceeded his authority.

          Our purpose in construing a statute is
to determine the Legislature’s intent.  As a starting point, we construe
statutes as written and, if possible, ascertain intent from the statutory
language.  We may also consider other factors, including the object the statute
seeks to obtain, legislative history, and the consequences of a particular
construction.  Moreover, we must always consider a statute as a whole and
attempt to harmonize its various provisions.

 

Marcus Cable Assocs., L.P. v. Krohn, 90 S.W.3d 697, 706 (Tex. 2002) (citations
omitted); see also Tex. Gov’t
Code Ann. §§ 311.021, 311.023 (Vernon 2005).  “Statutory construction is
a question of law, and our review is accordingly de novo.”  State v. Shumake,
199 S.W.3d 279, 284 (Tex. 2006).

          Section 143.014 applies only to
persons “appointed to a position in the classification immediately below that
of the head of the police [or fire] department.”  Id. § 143.014(d), (e).

          If a person appointed under this
section is charged with an offense in violation of civil service rules and
indefinitely suspended by the department head, the person has the same rights
and privileges of a hearing before the commission[2]
in the same manner and under the same conditions as a classified employee.  If
the commission, a hearing examiner, or a court of competent jurisdiction finds
the charges to be untrue or unfounded, the person shall immediately be restored
to the same classification, or its equivalent, that the person held before
appointment.  The person has all the rights and privileges of the prior
position according to seniority, and shall be repaid for any lost wages.

 

Id.
§ 143.014(h) (footnote added).

          The City contends that, under the
plain language of section 143.014(h), an assistant chief may be restored to a
former position only if the hearing examiner “finds the charges to be untrue or
unfounded.”  According to the City’s argument, if the hearing examiner had
found the charges to be untrue, then Kelley could have been restored to the
position of commander, which he held before he was appointed assistant chief. 
Because the hearing examiner found the charges true however, the City insists
that the hearing examiner’s only option was to uphold the indefinite
suspension.

          Kelley contends that subsections (e)
and (f) of section 143.053 support the hearing examiner’s decision.

(e) In its decision, the commission shall state
whether the suspended fire fighter or police officer is:

 

(1) permanently dismissed from the fire or
police department;

 

                 (2) temporarily suspended from
the department; or

 

(3) restored to the person’s former position or
status in the department’s classified service.

 

(f) If the commission finds that the period of
disciplinary suspension should be reduced, the commission may order a reduction
in the period of suspension.  If the suspended fire fighter or police officer
is restored to the position or class of service from which the person was
suspended, the fire fighter or police officer is entitled to:

          

(1) full compensation for the actual time lost
as a result of the suspension at the rate of pay provided for the position or
class of service from which the person was suspended; and

 

(2) restoration of or credit for any other
benefits lost as a result of the suspension, including sick leave, vacation
leave, and service credit in a retirement system.  Standard payroll deductions,
if any, for retirement and other benefits restored shall be made from the
compensation paid, and the municipality shall make its standard corresponding
contributions, if any, to the retirement system or other applicable benefit
systems.

 

Id.
§ 143.053(e), (f) (Vernon Supp. 2006).

          Unlike section 143.014 which specifically
applies to assistant chiefs, section 143.053 applies generally to police
officers and fire fighters with civil service protection.  The City argues that
these provisions cannot be construed harmoniously and that section 143.014
provides the exclusive “remedy” for an officer in Kelley’s position.  Kelley
responds that the remedy provided by section 143.014(h) applies only when the
charges are found to be untrue.  He suggests that this unique remedy was
created for assistants appointed under section 143.014 because such appointees
serve solely “at the pleasure of the department head” and may be removed at any
time.  See id. § 143.014(g).  Thus, even if an appointee is found to
have been suspended on the basis of false charges, the assistant cannot be
reinstated to the appointed position unless the department head chooses to do
so.

          Section 143.021(b) seems to support
the City’s interpretation.  Id. § 143.021(b) (Vernon 1999).  That
statute provides in pertinent part, “Except for the department head and a
person the department head appoints in accordance with Section 143.014 or 143.102,
each fire fighter and police officer is classified as prescribed by this
subchapter and has civil service protection.”  Id. (emphasis added). 
Thus, under the plain language of section 143.021(b), Kelley did not have
“civil service protection” at least for his appointed position of assistant
chief.  This interpretation is supported by the Revisor’s Note accompanying
section 143.021.

          Although Section 8(c) of the source
law states that all fire fighters and police officers except the department
head are under civil service protection, it is clear from Section 8(f) of the
source law, codified as Section 143.102,[3]
that the legislature intended that a person appointed as assistant chief not
have full civil service protection.  The source law reflects this intent.

 

Id.
§ 143.021 revisor’s note (2) (Vernon 1999) (footnote added).

          The former article 1269m, section 8(c)
of the Revised Civil Statutes provided, “Firemen and policemen shall be
classified as above provided, and shall be under civil service protection
except the Chief or Head of such Fire Department or Police Department, by
whatever name he may be known.”  Act of May 30, 1983, 68th Leg., R.S., ch. 420,
§ 2, 1983 Tex. Gen. Laws 2246, 2248 (repealed 1987) (current version at Tex. Loc. Gov’t Code Ann. § 143.021(b)).

          Article 1269m, section 8A(f)[4]
provided:

          Except for the chief or head of the
fire or police department, and except for those persons selected and appointed
to the classification immediately below the chief or department head by the
chief or head of the fire or police department, firemen and policemen are
classified as prescribed by this section, and are under civil service
protection.

 

Act of May 30, 1983, 68th Leg., R.S., ch. 420, §
3, 1983 Tex. Gen. Laws 2246, 2251 (repealed 1987) (current version at Tex. Loc. Gov’t Code Ann. § 143.021(b)).

          Although the Legislature did not
retain the same language when it codified the provisions of the Civil Service
Act in the Local Government Code, no substantive change was intended thereby. 
Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 51, 1987 Tex. Gen. Laws 707,
1308; see also Tex. Loc. Gov’t Code Ann. § 1.001(a) (Vernon 1999); Coastal Marine Serv. of Tex., Inc. v. City of Port Neches, 11 S.W.3d 509, 512-13 (Tex. App.—Beaumont 2000, no
pet.); Collier v. Firemen’s & Policemen’s Civil Serv. Comm’n, 817
S.W.2d 404, 405 n.1 (Tex. App.—Fort Worth 1991, writ denied).

          Therefore, an assistant police chief
appointed under section 143.014 does “not have full civil service protection.” 
Tex. Loc. Gov’t Code Ann. § 143.021
revisor’s note (2).  We construe this to mean that an assistant police chief
does “not have full civil service protection” in his or her appointed position. 
This interpretation is best illustrated by contrasting it with the
interpretation advanced by the City.  See Tex. Gov’t Code Ann. § 311.023(5) (court may consider
“consequences of a particular construction” when interpreting a statute); Marcus
Cable Assocs., 90 S.W.3d at 706 (same).

          First, we consider a hypothetical
scenario unlike Kelley’s in which the charges are found to be untrue.  Because
the assistant serves at the pleasure of the department head, a civil service
commission or hearing examiner has no authority to order the reinstatement of
an assistant who has been indefinitely suspended to that appointed position if
the charges are found untrue.  Rather, the greatest relief the commission or
hearing examiner can afford is to restore the appointed person to the position
held immediately before the appointment.  Id. § 143.014(h).  Conversely,
for a suspended officer with “full” civil service protection, the commission or
hearing examiner may order the officer “restored to the person’s former
position or status” if the charges are found untrue.  Id. § 143.053(e)(3).

          Now we consider a scenario like
Kelley’s in which the charges are found to be true.  Under the City’s approach,
an assistant chief in this situation has no recourse.  Despite twenty-eight
years of service to the department, Kelley or any similarly-situated officer could
be dismissed[5] because
he accepted the appointed position of assistant chief.  Conversely, an officer
of lower rank could seek reinstatement or a reduction of suspension, even if
the charges were found to be true.  Id. § 143.053(e), (f); Leal,
161 S.W.3d at 563-64.  In this regard, the City’s interpretation is similar to that
of the City of Laredo in Perez v. City of Laredo, 82 S.W.3d 605 (Tex.
App.—San Antonio 2002, no pet.).

          In that case, Stephen Perez had served
in the Laredo police department for nineteen years.  He held the rank of
lieutenant from August 1992 until February 1994 when he was appointed to the
position of assistant chief.  In May 1997, he returned to the rank of
lieutenant.  He took a promotional examination for the rank of captain in
January 1999 and placed first.  However, the commission upheld the second-place
finisher’s challenge to Perez’s qualifications because Perez had not served as
lieutenant for the two years immediately preceding the date of the
examination.  See Tex. Loc. Gov’t
Code Ann. § 143.028(b) (Vernon Supp. 2006).  The City of Laredo defended the commission’s decision on appeal to the district court and then to the
San Antonio Court of Appeals.  However, the San Antonio Court rejected the City
of Laredo’s position and concluded that Perez was qualified.

Under the City’s interpretation, an officer who
has faithfully served his or her community would be penalized for willingly
serving in a position, such as assistant chief, from which he or she could be
removed without the opportunity to file an appeal or grievance.  We believe
such a result would be contrary to the [Civil Service] Act’s intent.  Therefore, we hold that because Perez retained
his years of continuous service in the rank of assistant chief when he was
reinstated to the rank of lieutenant, he was eligible for promotion and
eligible to take the promotional examination.

 

Perez,
82 S.W.3d at 608.  Thus, an officer who accepts an appointment under section
143.014 does not forfeit all benefits of civil service protection by accepting
that position.

          Rather, the civil service protections
do not apply to that appointed position.  This interpretation is supported by
examining other provisions of the Civil Service Act.  For example, an officer
need not pass an examination to be appointed as an assistant chief under
section 143.014.[6]  Cf. Tex. Loc. Gov’t Code Ann. § 143.021(c) (Vernon 1999).  And if an
officer appointed under section 143.014 is suspended on the basis of charges
which are later found to be untrue, the officer cannot be reinstated to the
appointed position by the commission or by a hearing examiner.  Cf. id.
§ 143.053(e)(3).

          Therefore, we hold that section
143.014(h) applies only when the commission, a hearing examiner, or a court
finds the charges against an assistant chief to be untrue or unfounded.  Thus,
this provision operates to prevent the hearing examiner from restoring the
officer to the appointed position in this unique situation.

          Apart from this unique situation, an
independent hearing examiner has the authority and jurisdiction to reduce the
length of an indefinite suspension, even if the charges are found to be true.  See
Tex. Loc. Gov’t Code Ann. § 143.053(e)(2),
(f); Leal, 161 S.W.3d at 563-64.  Therefore, the hearing examiner in
Kelley’s case did not exceed his jurisdiction by reducing the length of Kelley’s
suspension after finding the charges true.

Authority to Demote

          The City contends in its second issue
that the hearing examiner exceeded his jurisdiction by demoting Kelley to the
rank of sergeant.  This Court has already determined that a civil service
commission lacks authority or jurisdiction to order the demotion of a police
officer when deciding an appeal of a disciplinary suspension.  See Kirkwood v. City of Corsicana, 871 S.W.2d 544, 547 (Tex. App.—Waco 1994, no writ). 
This same principle applies to an independent hearing examiner.  See Tex. Loc. Gov’t Code Ann. § 143.057(f)
(Vernon Supp. 2006).  Therefore, we sustain the City’s second issue.

Award of Back Pay and Benefits

          The City contends in its third issue
that the hearing examiner exceeded his jurisdiction by awarding back pay and
benefits to Kelley because: (1) the hearing examiner should have upheld the
indefinite suspension; (2) section 143.014 authorizes an award of back pay only
when the hearing examiner finds the charges to be untrue or unfounded; and (3) even
assuming the hearing examiner properly demoted Kelley to the rank of sergeant,
the Civil Service Act does not provide for an award of back pay and benefits
when an officer is demoted.

          The hearing examiner actually
determined that Kelley “should be made whole subject to the normal principles
of mitigation.”  The parties agree that this constitutes an award of back pay
and benefits from the date the reduced, 180-day suspension ended.

          We have already determined that the
hearing examiner had the authority to reduce Kelley’s indefinite suspension. 
Thus, we reject the City’s first challenge to the award of back pay and
benefits.

          With regard to the City’s second
argument regarding section 143.014, we have already explained that this section
applies only when the hearing examiner finds the charges to be untrue or
unfounded and operates to prevent the hearing examiner from restoring the
officer to the appointed position.  Thus, we reject the City’s second argument.

          Regarding the City’s final challenge
to the award of back pay and benefits, we have already determined that the
hearing examiner was not authorized to order Kelley’s demotion but he was
authorized to reduce the term of Kelley’s suspension.  When an officer receives
a temporary suspension, the officer is not entitled to compensation during the
period of suspension.  See, e.g., Leal, 161 S.W.3d at 563-64; cf.
Tex. Loc. Gov't Code Ann. § 143.053(f)
(if police officer “restored” to position or class from which suspended,
officer entitled to “full compensation for the actual time lost” as a result of
improper suspension); City of Waco v. Bittle, 167 S.W.3d 20, 30 (Tex.
App.—Waco 2005, pet. denied) (same).

          The City does not contend that the
hearing examiner awarded back pay and benefits during the period of the 180-day
suspension.  Kelley is entitled to compensation following the expiration of his
suspension, which includes back pay and benefits from the end of the period of
suspension through the date of the hearing examiner’s decision.  Therefore, the
hearing examiner did not exceed his authority or jurisdiction by determining
that Kelley “should be made whole subject to the normal principles of
mitigation.”

          Accordingly, we overrule the City’s
third issue.

Attorney’s Fees

          The City contends in its fourth issue
that the district court erred by awarding attorney’s fees to Kelley.

          Section 143.015(c), which governs the
appeal to district court of a civil service commission decision, provides that
the district court “may award reasonable attorney’s fees to the prevailing
party and assess court costs against the nonprevailing party.”  Tex. Loc. Gov’t Code Ann. § 143.015(c)
(Vernon 1999).  The Dallas Court of Appeals has concluded that this provision
also applies to an appeal of an independent hearing examiner’s decision under
section 143.057(j).  City of Carrollton v. Popescu, 806 S.W.2d 268,
273-74 (Tex. App.—Dallas 1991, no writ); see also Tex. Loc. Gov’t Code Ann. § 143.057(j)
(Vernon Supp. 2006).

          As the Dallas Court explained, “[t]he statutory
provisions of sections 143.015 and 143.057 must be read together in order for
the trial court to grant the proper legal or equitable relief necessary to
carry out the purposes of Chapter 143.”  Popescu, 806 S.W.2d at 274. 
This rationale is similar to the reasoning we employed in construing sections
143.053 and 143.057, and we find it persuasive.

          Nevertheless, the City contends that
Kelley was not the “prevailing party” in the City’s appeal to the district
court.  We disagree.  The “prevailing party” for purposes of an attorney’s fee
award has been variously defined as:

·                   
“the party to the suit ‘who successfully
prosecutes the action or successfully defends against it, prevailing on the
main issue, even though not to the extent of its original contention”; Flagship
Hotel, Ltd. v. City of Galveston, 117 S.W.3d 552, 564 (Tex. App.—Texarkana
2003, pet. denied) (quoting FDIC v. Graham, 882 S.W.2d 890, 900 (Tex.
App.—Houston [14th Dist.] 1994, no writ); accord Head v. U.S. Inspect DFW,
Inc., 159 S.W.3d 731, 749 (Tex. App.—Fort Worth 2005, no pet.); Black’s Law Dictionary 1352 (4th ed.
rev. 1968);

 

·                   
the one “who is vindicated
by the trial court’s judgment”; Head, 159 S.W.3d at 749; Flagship
Hotel, 117 S.W.3d at 565;

 

·                   
the “party in whose favor a
judgment is rendered, regardless of the amount of damages awarded.”  Flagship
Hotel, 117 S.W.3d at 565 (quoting Black’s
Law Dictionary 1145 (7th ed. 1999)); accord Black’s Law Dictionary 1154 (8th ed.
2004).   

 

          Here, the City was dissatisfied with
the hearing examiner’s decision to reduce Kelley’s suspension and award him
back pay and benefits, so the City appealed to the district court.  The
district court upheld the hearing examiner’s decision in every respect.  Under
any of these definitions, Kelley is the prevailing party.  Accordingly, we
conclude that the district court was authorized to award Kelley attorney’s fees
as the prevailing party.  See Popescu, 806 S.W.2d at 273-74.  We
overrule the City’s fourth issue.

Cross-Appeal

          Kelley contends in his sole
cross-issue that the district court erred by denying his appeal of the hearing
examiner’s refusal to dismiss the indefinite suspension.  However, Kelley did
not file a separate notice of appeal, even though he seeks to alter the
district court’s judgment.  See Tex.
R. App. P. 25.1(c).  Therefore, he did not properly invoke this Court’s
jurisdiction to consider his cross-issue.  See Brooks v. Northglen
Ass’n, 141 S.W.3d 158, 171 (Tex. 2004); In re M.P.M., 161 S.W.3d 650,
660-61 (Tex. App.—San Antonio 2005, no pet.); City of Houston v. Boyle,
148 S.W.2d 171, 175 n.5 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

 

Conclusion

The independent hearing examiner acted within
his jurisdiction and authority by reducing the length of Kelley’s suspension
and did not exceed his jurisdiction or authority by determining that Kelley
“should be made whole subject to the normal principles of mitigation.”  The
district court properly awarded Kelley his attorney’s fees.  However, the
hearing examiner exceeded his jurisdiction and authority by ordering Kelley’s
demotion.  

Accordingly, we affirm those portions of the
judgment reducing the length of Kelley’s suspension and awarding Kelley his
attorney’s fees.  However, we reverse that portion of the judgment ordering
Kelley’s reinstatement at the rank of sergeant, and we render judgment
reinstating Kelley at the rank of commander, which was the rank he held
immediately before his appointment as assistant chief.  See Butler v. Group Life & Health Ins. Co., 962 S.W.2d 296, 302 (Tex. App.—Austin 1998,
no pet.) (reversing district court judgment which upheld administrative determination,
and rendering judgment in favor of plaintiff); Jim Sowell Constr. Co. v. Dallas Cent. Appraisal Dist., 900 S.W.2d 82, 86 (Tex. App.—Dallas 1995, writ denied) (reversing
district court judgment which upheld administrative decision in appraisal
dispute, and rendering judgment in favor of plaintiff).

 

FELIPE REYNA

Justice




Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissenting)[7]

Affirmed in part, Reversed

          and Rendered
in part

Opinion delivered and
filed May 2, 2007

[CV06]









[1]
          The use of the term “section”
hereinafter refers to a section of the Local Government Code unless otherwise
indicated.





[2]
          An independent third party
hearing examiner “has the same duties and powers as the commission.”  Tex. Loc. Gov’t Code Ann. § 143.057(f)
(Vernon Supp. 2006).





[3]
          Section 143.102 is comparable to
section 143.014 and provides for the appointment of assistant chiefs in a
municipality with a population of 1.5 million or more.  See id. § 143.101
(Vernon 1999), § 143.102 (Vernon Supp. 2006).

 





[4]
          Although the revisor’s note
refers to “Section 8(f) of the source law,” article 1269m, section 8 did not
have a subsection (f).  See Act of May 30, 1983, 68th Leg., R.S., ch.
420, § 2, 1983 Tex. Gen. Laws 2246, 2247-49.  From the context, it appears that
the proper reference is to section 8A(f).





[5]
          “An indefinite suspension is equivalent to dismissal
from the department.”  Tex. Loc. Gov’t
Code Ann. § 143.052(b) (Vernon 1999); see also Kirkwood v. City of Corsicana, 871 S.W.2d 544, 545 n.1 (Tex. App.—Waco 1994, no writ).





[6]
          To be eligible for appointment
under section 143.014, an officer must: “(1) be employed by the municipality’s
police department as a sworn police officer; (2) have at least two years’
continuous service in that department as a sworn police officer; and (3) meet
the requirements for appointment as head of a police department prescribed by Section 143.013(b).”  Tex. Loc. Gov't Code Ann. § 143.014(d)
(Vernon 1999).  With regard to requirement (3), “A person appointed as head of
a police department must be eligible for certification by the Commission on Law
Enforcement Officer Standards and Education at the intermediate level or its
equivalent as determined by that commission and must have served as a bona fide
law enforcement officer for at least five years.”  Id. § 143.013(b) (Vernon 1999).





[7]
              In reading the dissenting
opinion’s Prologue and Epilogue, we are reminded of the recent observation of
the Court of Criminal Appeals:

 

            First, the statement[s] [are]
unnecessary; [they] contribute[ ] nothing to the legal issue before us.  Second,
and most importantly, [they are] highly unprofessional.  When a judge chastises
other members of the judiciary in this manner, it not only reflects poorly on
the judge, it undermines the integrity of the justice system.  The words of
Supreme Court Justice Kennedy are particularly appropriate here:

 

The collegiality of the judiciary can be
destroyed if we adopt the habits and mannerisms of modern, fractious discourse.
 Neither in public nor in private must we show disrespect for our fellow
judges.  Whatever our failings, we embody the law and its authority.  Disrespect
for the person leads to disrespect for the cause.

 

            If public respect for the judiciary
is to be maintained, it must begin from within.  

 

Ex parte Olivares,
202 S.W.3d 771, 773 (Tex. Crim. App. 2006) (quoting Anthony M. Kennedy, Judicial
Ethics and the Rule of Law, 40 St.
 Louis U. L.J. 1067, 1072
(1996)).