United States Court of Appeals
Fifth Circuit

**F I L E D**

August 8, 2007

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 06-41508
Summary Calendar

RICHARD CRUZ

Plaintiff-Appellant

v.

DERICK WILSON

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas, Beaumont
USDC No. 1:04-CV-305

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Richard Cruz, federal prisoner # 60692-079, appeals the district court's dismissal of his civil rights complaint pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), in which he claimed that Special Investigative Agent Derric Wilson retaliated against him for exercising his Fifth Amendment right to remain silent. Cruz contends that the district court erred by granting summary judgment because he created a genuine issue of material fact. Cruz

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that he has demonstrated a "chronology of events" establishing that Wilson assigned him to the prison's Special Housing Unit (SHU) in retaliation for exercising his right to remain silent during an interrogation. Cruz also argues that he has demonstrated that Wilson acted with a retaliatory motive. There is no dispute that Cruz was placed in the SHU before he exercised his right to remain silent. Agent Wilson provided competent summary judgment evidence establishing that Cruz remained in the SHU pending an investigation into a conspiracy to introduce drugs into the prison and that Cruz was released from the SHU once the investigation into his involvement ended. Cruz offered only his personal belief as to Wilson's motivation along with affidavits from several other inmates, who offered no relevant, admissible testimony relating to the investigation of Cruz. Cruz's assertions remain too conclusional to establish either a "chronology of events" or a retaliatory motive. See Woods v. Smith, 60 F.3d 1161, 1165 (5 Cir. 1995). Thus, Cruz has not shown that the district court erred in granting the defendant's motion for summary judgment and dismissing his suit.

Cruz also has not shown that the district court abused its discretion in relation to discovery. See King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). Although Cruz requested leave to conduct discovery, he did not make any discovery requests that were denied, nor has he identified any particular documents that he wished to obtain through discovery. Cruz's conclusional allegations to the contrary are insufficient to show an abuse of discretion. See Macklin v. City of New Orleans, 293 F.3d 237, 241 (5th Cir. 2002).

The judgment of the lower court is AFFIRMED.