United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 04-50602
Summary Calendar
_____

SANTO CILAURO,

Plaintiff - Appellant,

versus

THIELSCH ENGINEERING, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CV-157-SS

_____

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Santo Cilauro appeals the district court's denial of his Rule 60(b) motion for relief from the summary judgment dismissing his claims against his former employer, Thielsch Engineering, Inc., under the Americans with Disabilities Act ("ADA") and Texas law. In his complaint, Cilauro alleged that he resigned because Thielsch failed to continue to provide insurance coverage for medication used to treat his cluster headaches.

The district court granted summary judgment for Thielsch on the ADA claim because Cilauro had failed to exhaust his

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

administrative remedies by filing a disability discrimination charge with the Equal Employment Opportunity Commission and/or with the Texas Commission on Human Rights. The court declined to exercise supplemental jurisdiction over Cilauro's state law claims and dismissed those claims without prejudice.

Final judgment was entered on March 24, 2004. On April 26, Cilauro filed a motion for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b). In that motion, he alleged that, due to a language difficulty and his misunderstanding of his counsel's request, he had filled out an application for administrative relief from the Texas Commission on Human Rights, but failed to follow up on the investigation; that upon checking with the Commission in April 2004, he found that his original complaint had never been assigned to a case worker and referred for investigation; that his counsel was unaware that the "process" had not been ongoing, and/or completed; and that he had subsequently filed an additional application for administrative relief with the Texas Human Rights Commission and the EEOC and had been given a right to sue letter. The right to sue letter, dated April 20, 2004, was attached to the Rule 60(b) motion. The letter indicates that the agency closed its file on the charge because the charge "was not filed within the time limits required by the law."

The district court denied Rule 60(b) relief on the ground that Cilauro had not established good cause for reopening the case because the information recited in the motion for relief was easily

obtainable at any time following the defendant's filing of its motion for summary judgment, and certainly within thirty days of the entry of final judgment. Cilauro filed a timely notice of appeal from the order denying his Rule 60(b) motion.

We will not reverse a district court's decision to deny relief under Rule 60(b) "unless the denial is so unwarranted as to constitute an abuse of discretion." Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind, 841 F.2d 646, 649 (5th Cir. 1988) (internal quotation marks and citation omitted). Cilauro's brief does not point to anything in the record that suggests an abuse of the district court's discretion. Although the brief lists three issues, two of those issues relate to the underlying summary judgment. These two issues are not before us in this appeal because the Rule 60(b) motion was filed more than 30 days after the entry of final judgment. The third issue listed -- whether the district court abused its discretion by not reinstating the case after Cilauro proved that he had a right to sue letter -- is not properly or adequately briefed.

Federal Rule of Appellate Procedure 28(a), which is cited repeatedly in Cilauro's brief, sets forth the requirements for an appellant's brief. This court may refuse to consider the merits of a claim where the appellant's brief lacks "logical argumentation or citation to authority." Alameda Films SA de CV v. Authors Rights Restoration Corp. Inc., 331 F.3d 472, 483 (5th Cir. 2003) (internal quotation marks and citation omitted). In the section of the brief

3

headed "Procedural facts from the Record," Cilauro argues that the only reason the district court refused to reopen the case "was his obvious personal animus for Cilauro's counsel reflected in his order concerning the two extensions he granted Cilauro's counsel." Although no record citations for those orders are provided, our review of them reveals no personal animus by the district court toward Cilauro's counsel.

The only other argument relevant to the issue before us is in the section of the brief entitled "Summary of Argument". That argument asserts, in conclusory fashion, that "[u]nder our law it is this Court's duty to reverse situations where there is apparent on the record judicial abuse of discretion of a Court lower to this Court in the system over which this Court of Appeals has jurisdiction." To the extent that this statement is intended as an argument, it is frivolous and does not provide any basis for reversal of the district court's judgment.

The remainder of Cilauro's brief consists of irrelevant pontification about "the purpose of law", "divisions within the body of law", "the role of the judiciary", and "procedural form over constitutional and legal substance". Cilauro's counsel has caused this court and the opposing party to waste time and resources by filing a brief that does not raise any colorable challenge to the district court's judgment. Cilauro's counsel is, therefore, warned that if he ever files another such frivolous brief in this court, he will surely be subject to sanctions,

4

including double costs under Federal Rule of Appellate Procedure 38.

The appeal is frivolous and is, therefore,

DISMISSED.