United States Court of Appeals

Fifth Circuit

**F I L E D**

**October 13, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50339
Summary Calendar

JUDY BLUE; HALEY BECKHAM,
By next friend, Judy Blue,

Plaintiffs-Appellants,

versus

LEXINGTON INDEPENDENT SCHOOL DISTRICT;
PATRICK CLARK,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
No. A-04-CA-149-SS

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Plaintiffs Haley Beckham and Judy Blue appeal the district court's grant of summary judgment to the defendants. Finding no error, we **AFFIRM**.

## I. BACKGROUND

In May 2001, Patrick Clark, the Superintendent of the Lexington Independent School District ("LISD"), received an anonymous letter alleging an affair between Beckham, then a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

student, and one of LISD's coaches. In their various complaints, Beckham and her mother, Blue,[1] complain of Clark's subsequent investigation of the matter.

Beckham initially deposed Clark under Texas Rule 202, which provides for pre-suit discovery. About two years later, she filed suit in state court against LISD and Clark, alleging violations of state law and the federal Family Educational Rights and Privacy Act. Clark and LISD removed the case to federal court, and the district judge eventually dismissed Beckham's case.

In the interest of justice, the district court granted Beckham's Rule 59 motion and allowed her to replead her case. In her latest complaint, Beckham alleged violations of 42 U.S.C. § 1983 (purportedly for violating the Fourth and Fourteenth Amendments) and 20 U.S.C. § 1681(a), Title IX (purportedly for creating a hostile environment). Clark and LISD then filed a motion for summary judgment, which the district court granted. It is this grant of summary judgment from which she appeals.

## II. DISCUSSION

For much of her brief, Beckham strolls through the history of English and American law without offering any relevant claims of error.[2] It appears her main contention is that the

---

[1] Because Blue's cause of action is dependent on Beckham's, we will refer to Blue and Beckham as only "Beckham."

[2] We have considered Beckham's contentions out of an abundance of caution. The brief flies in the face of the FED. R. APP. PROC. 28 requirements, and normally we will not consider claims on appeal that are not properly

district court erred in granting summary judgment to LISD and Clark on Beckham's § 1983 and Title IX claims.[3]

First, Beckham has not alleged a proper § 1983 claim. The allegations and affidavits in opposition to summary judgment merely conclude that Clark and LISD violated Beckham's Fourth and Fourteenth Amendment rights. Specifically, Beckham argues that Clark's investigation of the anonymous letter, and in particular his questioning of Beckham about it, constituted malicious prosecution and an unreasonable search and seizure. Involving the sheriff's department in an investigation of an alleged student-teacher relationship is not malicious prosecution. Moreover, even if it were, malicious prosecution alone is not a constitutional violation and is thus insufficient to support a claim under § 1983. Castellano v. Fragozo, 352 F.3d 939, 942 (5th Cir.2003) (en banc). Further, school officials have the power to summon students for the

---

addressed with logical argument and citation to authority. E.g., Randall v. Chevron U.S.A., Inc., 13 F.3d 888, 911 (5th Cir. 1994).

[3] At the outset, we also reject Beckham's argument that the district court somehow misapplied the standard for granting summary judgment. The court considered matters outside the pleadings, and accordingly, granted summary judgment instead of a motion to dismiss. The court's ruling complied with Rule 12(c). Further, to the extent Beckham spends much of her brief arguing with the district court's calculation of time, this argument is mooted by the district court's January 31, 2005 order, wherein the district court explained that Beckham's affidavits and memorandum in opposition to summary judgment in no way altered its grant of summary judgment.

The parties also spend a great deal of time discussing qualified immunity and TEXAS RULE OF CIVIL PROCEDURE 202. We need not reach those issues, as our affirmance of the district court's grant of summary judgment to LISD and Clark is sufficient to affirm the district court's judgment. We also reject Beckham's plea for Rule 11 sanctions on the statute of limitations issue. Given the frivolity of most of Beckham's pleadings, we are hardly apt to award sanctions to the other party for a good faith dispute over the limitations issue.

purposes of questioning them regarding rumors. <u>Milligan v. City of Slidell</u>, 226 F.3d 652, 655 (5th Cir. 2000). Beckham's attempt to distinguish <u>Milligan</u> fails, and so do her unreasonable search and seizure claims.

Beckham also fails on the Title IX claim. Beckham does not allege that she herself suffered harassment at the hands of school officials; rather, she alleges that these officials violated her privacy by investigating the anonymous letter, thus creating a hostile environment. The district court's well reasoned explanation of why her claims fail in these respects is not in error, and the court properly granted summary judgment to Clark and LISD.

## CONCLUSION

Finding no error, we **AFFIRM** the district court's grant of summary judgment. Given our previous warning to Plaintiffs' counsel, <u>see</u> <u>Cilauro v. Thielsch Eng'g, Inc.</u>, No. 04-50602 (5th Cir. Jan. 18, 2005), we award double costs to appellees. <u>See</u> FED. R. APP. P. 38.

4