# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 26, 2011

Lyle W. Cayce
Clerk

No. 09-11074
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CONSTANTINO BARRAGAN-DIAZ, also known as Ulices Barragan-Diaz,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:09-CR-26-1

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Constantino Barragan-Diaz appeals his within-Guidelines sentence of 96 months' imprisonment, following his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. Barragan contends: the district court committed procedural error in calculating his advisory Guideline sentencing range; and his sentence is unreasonable.

Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), our court engages in a bifurcated review of the sentence imposed by the district court.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*E.g.*, *United States v. Delgado-Martinez,* 564 F.3d 750, 752 (5th Cir. 2009). First, we inquire whether the district court committed a "significant procedural error", such as miscalculating the advisory sentencing range. *Id.* at 752-53. Second, if there is no such error, or the error is harmless, we review the substantive reasonableness of the sentence. *Id.*

As Barragan concedes, because he failed to object at sentencing regarding the two issues raised here, review is only for plain error. *E.g.*, *Puckett v. United States*, 129 S. Ct. 1423, 1428-29 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007) (requiring objection to substantive unreasonableness of sentence to preserve error). To show reversible plain error, defendant must show a clear or obvious error that affects his substantial rights. Even if he does so, our court retains discretion to correct such error and, generally, will do so only if the plain error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *E.g.*, *Puckett*, 129 S. Ct. at 1429.

Regarding the claimed procedural error, Barragan contends: the district court plainly erred in determining his prior Florida conviction, for lewd and lascivious conduct upon a minor, qualified as a crime of violence for purposes of the 16-level enhancement under Guideline § 2L1.2(b)(1)(A)(ii). Because sexual abuse of a minor is a specifically enumerated offense, *see* § 2L1.2 cmt. n.1(B)(iii), a common-sense approach is used to determine whether a prior conviction constitutes sexual abuse of a minor, as that term is understood in its "ordinary, contemporary, [and] common" meaning, *United States v. Izaguirre-Flores*, 405 F.3d 270, 274 n.12 (5th Cir. 2005) (citation and quotation marks omitted). The generic, contemporary meaning of sexual abuse of a minor involves three elements, whether the conduct: (1) involves a minor; (2) is sexual; and (3) is abusive. *See United States v. Najera-Najera*, 519 F.3d 509, 510-12 (5th Cir. 2008); *see also Izaguirre-Flores*, 405 F.3d at 275; *United States v. Zavala-Sustaita*, 214 F.3d 601, 604-08 (5th Cir. 2000). Sexual abuse of a minor includes "those crimes that involve sexual conduct in the presence of a minor".

*United States v. Balderas-Rubio*, 499 F.3d 470, 473 (5th Cir. 2007). And, the Eleventh Circuit has determined that the 1987 Florida Statute § 800.04 qualifies for purposes of § 2L1.2's 16-level enhancement; the relevant language that defendant "knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years", is in both the 1987 and 1994 versions of that statute. *See United States v. Padilla-Reyes*, 247 F.3d 1158, 1161-64 (11th Cir. 2001); *see also* FLA. STAT. ANN. § 800.04 (1994) Accordingly, error, if any, by the district court is neither clear nor obvious. *United States v. Dupre*, 117 F.3d 810, 817 (5th Cir. 1997); *see also United States v. Olano*, 507 U.S. 725, 734 (1993) (plain error only if clear under existing law). Because it was *not* necessary to examine defendant's charging documents in concluding the district court did not plainly err, it is not necessary to address Barragan's contentions on that point.

Barragan also contends his 96-month sentence is substantively unreasonable. He concedes he did not object to the unreasonableness of the sentence, but maintains he was not required to do so, claiming it is our duty to determine whether his sentence is reasonable. He recognizes, however, that this contention is foreclosed in our circuit, *Peltier*, 505 F.3d at 391-92, and raises it only for possible future review. Accordingly, we review only for plain error.

A within-Guidelines sentence is presumed reasonable. *See, e.g.*, *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Barragan, however, contends this presumption should not apply because his sentence was based on a modified Guideline that lacks empirical support. Our court has rejected the assertion a sentence is unreasonable because of a subsequent revision to the Guidelines. *United States v. Martin,* 596 F.3d 284, 285-86 (5th Cir.), *cert. denied*, 130 S. Ct. 3480 (2010). Moreover, the empirical-data contention is foreclosed. *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied,* 130 S. Ct. 378 (2009). Defendant recognizes this contention is also foreclosed in our circuit and raises it for possible future review.

No. 09-11074

Last, Barragan contends his sentence was substantively unreasonable because it is greater than necessary to accomplish the sentencing goals in 18 U.S.C. § 3553(a).  He maintains his sentence failed to take into account:  the remoteness of his most serious offenses;  he was attempting to leave the country to visit his sick father; and he was in this country to work.  The record reflects the district court considered Barragan's request and supporting reasons for a sentence at the bottom of the Guideline sentencing range.  Barragan, however, has failed to establish his sentence was substantively unreasonable, much less plainly so.  *See Puckett*, 129 S. Ct. at 1428-29; *Peltier*, 505 F.3d at 391-92.

AFFIRMED.