# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-41410
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VALENTE ALANIZ, III,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1672-2

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Valente Alaniz, III, appeals following his guilty plea and sentence for conspiracy to commit health care fraud. In agreement with his sister and through her company, Alaniz submitted fraudulent claims to Medicare and Medicaid for power wheelchairs and other medical supplies.

Alaniz contends that there was not a sufficient factual basis for the plea because there was no showing that the use of the mail was essential to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41410

success of the scheme.  He fails to explain the relevance of this mail-fraud argument to a violation of the health care fraud statute that says nothing about the use of the mail.  Alaniz's conviction for health care fraud required only that the scheme affect interstate commerce, and it did.  *See United States v. Klein*, 543 F.3d 206, 210 11 (5th Cir. 2008) (citing 18 U.S.C. §§ 24(b), 1347).  This argument is frivolous.

Alaniz contends that the loss calculation of more than $200,000 was incorrect.  We review for clear error.  *See United States v. Njoku*, 737 F.3d 55, 75 76 (5th Cir. 2013).  A loss calculation is not clearly erroneous if it is plausible in light of the record as a whole.  *United States v. Taylor*, 582 F.3d 558, 564 (5th Cir. 2009).  "The district court need only make a reasonable estimate of the loss."  *Njoku*, 737 F.3d at 75 (internal quotation marks and citation omitted).  Although Alaniz argues about "actual loss," the district court properly based the sentence on the greater figure of intended loss.  *See* U.S.S.G. § 2B1.1, comment. (n.3(A)); *Njoku*, 737 F.3d at 75.  The amount fraudulently billed was prima facie evidence of intended loss.  *United States v. Isiwele*, 635 F.3d 196, 203 (5th Cir. 2011).  But the district court made a conscientious assessment of evidence and arguments before finding that the intended loss was equal to only 80% of the billed amount.  This finding is plausible and not clearly erroneous.  *See Njoku*, 737 F.3d at 75 76; *Taylor*, 582 F.3d at 564.

We also review for clear error the court's finding that Alaniz used sophisticated means in committing the crime.  *See United States v. Conner*, 537 F.3d 480, 492 (5th Cir. 2008).  Alaniz created multiple false documents to support his fraudulent claims.  This is similar to other acts that have been held to support the enhancement.  *See United States v. Wright*, 496 F.3d 371, 378 79 (5th Cir. 2007) (fraudulent cashier's checks to help borrowers falsely appear creditworthy); *United States v. Clements*, 73 F.3d 1330, 1340 (5th Cir. 1996)

No. 12-41410

(cashier's checks and a separate bank account that made it more difficult for the Government to detect tax evasion).

We also find no clear error in the district court's increase of Alaniz's offense level for abusing a position of trust.  As a medical equipment provider, Alaniz occupied a position of trust with regard to Medicare and Medicaid.  *See United States v. St. Junius*, 739 F.3d 193, 209-10 (5th Cir. 2013).  We have "consistently affirmed the position of trust enhancement's application to Medicare and Medicaid providers when sufficient evidence supported a finding that they had substantial discretion to submit claims they knew would likely not be scrutinized."  *United States v. Read*, 710 F.3d 219, 233 (5th Cir. 2012).  Alaniz played a major role in the business; he was responsible for billing and operations; and he used his position to commit fraud.

The record also fully supports a two-level increase for obstruction of justice, another claim we review for clear error.  *See United States v. Martinez*, 263 F.3d 436, 441 (5th Cir. 2001).  When investigators requested files, Alaniz placed false and backdated documents into the files with the intent to deceive investigators into thinking that the fraudulent bills were simply errors that had been corrected by voluntary refunds, though no such refunds were made.  Moreover, the district court found that Alaniz continued to mislead investigators concerning the fake documents until he admitted their falsity six months later.  The record refutes Alaniz's naked assertions that the obstruction occurred contemporaneously with the arrest and was not willful or an impediment to the investigation.

The record also soundly refutes Alaniz's contention that the offense level should have been reduced by three levels because the conspiracy was incomplete.  Alaniz spuriously cites the fake forms meant to mislead investigators as evidence of his withdrawal from the conspiracy.  He also says

No. 12-41410

without any factual or legal support that the conspiracy was not completed until he received all of the money that he billed.  This claim is frivolous.

Alaniz's challenge to the restitution order is also frivolous.  He asserts falsely that the district court used "intended loss" rather than "actual loss" in calculating restitution.  The restitution amount was less than the intended loss and was based on actual loss.

The judgment of the district court is AFFIRMED.

We must also note that Alaniz's appeal brief is remarkably poor.  First, retained counsel, Larry Warner, made two unnecessary and wasteful arguments.  He argued that Alaniz was permitted to appeal because he had been released from a plea agreement containing an appeal waiver.  But nothing in the record suggests that Alaniz ever waived his right to appeal or that he was released from the terms of his simple plea agreement.  Counsel also argued that Alaniz should have been given credit for acceptance of responsibility though he had already received the maximum credit.  In addition, some of counsel's arguments were based on significant misunderstandings or misrepresentations of the record.  And his "arguments" generally consisted of large block quotations and extensive transcript excerpts that were not even modified to remove the line numbers that appear in the transcript margins.

Sanctions may be warranted where counsel's arguments are "totally without merit and his briefing . . . sloppily prepared." *Macklin v. City of New Orleans*, 293 F.3d 237, 241-42 (5th Cir. 2002).  We have imposed sanctions under Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927 for the filing of a "'slap-dash' excuse for a brief" after noting that "poor quality of briefing is inexcusable." *Carmon v. Lubrizol*, 17 F.3d 791, 795 96 (5th Cir. 1994).  Counsel is therefore WARNED that we will impose sanctions for future

4

frivolous filings. *See Cilauro v. Thielsch Engineering*, 123 F. App'x 588, 590-91 (5th Cir. 2005) (warning).