# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60550
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2017

Lyle W. Cayce
Clerk

ESTEBAN POSCUAL-JIMENEZ,

Petitioner

v.

JEFF SESSIONS, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 006 221

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Through counsel, Esteban Poscual-Jimenez, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial of his applications for withholding of removal and protection under the Convention Against Torture (CAT). We review the decision of the BIA and will consider the immigration judge's decision only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60550

2009).  Questions of law are reviewed de novo and findings of fact are reviewed for substantial evidence.  *Id.*  Under the substantial evidence standard, "[t]he alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it."  *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

Poscual-Jimenez's brief is virtually identical to the brief he filed with the BIA.  Furthermore, the arguments section contains only conclusory assertions and no citations to the administrative record.  *See* FED. R. APP. P. 28(a)(8)(A).  Because Poscual-Jimenez has not meaningfully challenged the BIA's reasoning that he was ineligible for withholding of removal and CAT protection, he is deemed to have waived those claims.  *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).  Even if we were to overlook the waiver issue, Poscual-Jimenez's arguments regarding his request for withholding of removal and CAT protection are without merit.

In order to be entitled to withholding of removal, an alien must show a clear probability of persecution, i.e., that it is more likely than not that his life or freedom will be threatened by persecution based on one of five enumerated grounds, including membership in a particular social group.  *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004); 8 C.F.R. § 208.16(b).  To show persecution based on membership in a particular social group, an alien must show that he is a member "of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences."  *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted).  A particular social group is one that has "social visibility," meaning that "members of a society perceive those with the characteristic in question as members of a social group," and

"particularity," meaning that the group "can accurately be described in a manner sufficiently distinct that the group would be recognized, in the society in question, as a discrete class of persons." *Id.* (internal quotation marks and citation omitted).

We have declined to recognize business owners or people connected by economic status as a protected group. *Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012). A person's employment is also not generally considered to be an immutable characteristic. *See Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir. 2006). Thus, to the extent Poscual-Jimenez claims he is a member of a particular social group based on the perception that he and his family are members of a taxi association and own land and taxi companies in Mexico, his challenge is unavailing. Furthermore, the record reflects that the Zetas targeted Poscual-Jimenez's family to extort money from them and not to punish them for having a particular status. We have held that economic extortion is not a form of persecution based upon a protected group. *See Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014).

To obtain relief under CAT, "an applicant must show that it is more likely than not that he would be tortured if returned to his home country." *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005) (internal quotation marks and citation omitted). Although past torture can support a CAT claim, *see* 8 C.F.R. § 208.16(c)(3), Poscual-Jimenez did not present any evidence of past harm, let alone torture. In addition, Poscual-Jimenez presented no evidence that he would be targeted for torture by instigation or acquiescence of the Mexican government.

Accordingly, the record does not compel a finding contrary to that of the BIA regarding whether Poscual-Jimenez is eligible for withholding of removal

No. 15-60550

and CAT protection. *See Wang*, 569 F.3d at 536-37. Poscual-Jimenez's petition for review is DENIED.