# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60619
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 12, 2017

Lyle W. Cayce
Clerk

LIANJU YANG,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 848 754

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Lianju Yang petitions for review of a decision of the Board of Immigration Appeals ("BIA"). He challenges the denial of relief from removal, including applications for asylum and withholding of removal.

Lianju Yang's brief, through counsel Donglai Yang, is virtually identical to the brief he filed with the BIA. The brief devotes less than two pages to his argument, advances conclusory assertions, and only makes one statutory or

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60619

case citation — to an out-of-circuit case — while his list of authorities denotes five cases that are not cited in his brief. Because Lianju Yang's brief has not meaningfully challenged the BIA's reasoning as to whether he demonstrated that his actual or imputed political opinion was a central reason driving the harm he suffered from Chinese officials, he is deemed to have waived the claim. *United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010); FED. R. APP. P. 28(a)(8)(A). Therefore, the petition for review is DENIED.

This is not the first time we have rejected claims brought by counsel for failure to adequately brief. *See Poscual-Jimenez v. Sessions*, 678 F. App'x 191, 192 (5th Cir. 2017). Sanctions may be warranted where we are "left with the inescapable impression that [the appellant's] arguments on appeal were so totally without merit and his briefing so sloppily prepared." *Macklin v. City of New Orleans*, 293 F.3d 237, 241 (5th Cir. 2002). We have imposed sanctions under Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927 for the filing of a "'slap-dash' excuse for a brief" after noting that "poor quality of briefing is inexcusable." *Carmon v. Lubrizol Corp.*, 17 F.3d 791, 795 (5th Cir. 1994). Counsel is therefore WARNED that we will impose sanctions for future frivolous filings. *See Cilauro v. Thielsch Eng'g*, 123 F. App'x 588, 591 (5th Cir. 2005) (issuing a warning to counsel for filing a frivolous brief).