# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 17-60064
Summary Calendar

————————

United States Court of Appeals
Fif h Circuit

**FILED**

December 15, 2017

Lyle W. Cayce
Clerk

FENGDI LIU,

                    Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

                    Respondent

————————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 108 317

————————

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Fengdi Liu petitions for review of a decision of the Board of Immigration Appeals (BIA).  The BIA adopted and affirmed the immigration judge's (IJ) denial of relief from removal, including Liu's applications for asylum and withholding of removal.

Liu's brief, through counsel Donglai Yang, is virtually identical to the brief he filed with the BIA.  The brief devotes less than two pages to his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argument, advances conclusory assertions, and provides no record citations. Moreover, while his list of authorities denotes five cases, none of those cases are cited in the body of the brief. Because Liu's brief has not meaningfully challenged the BIA's reasons for upholding the IJ's denial of asylum and withholding of removal, Liu has effectively waived any challenge to the BIA's decision. *United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); FED. R. APP. P. 28(a)(8)(A). Therefore, the petition for review is DENIED.

This is not the first time we have rejected claims brought by counsel for failure to adequately brief. *See Yang v. Sessions*, 2017 WL 4022355 (5th Cir. Sept. 12, 2017); *Poscual-Jimenez v. Sessions*, 678 F. App'x 191, 192 (5th Cir. 2017). Moreover, in *Yang*, we warned counsel that we would impose sanctions for future frivolous filings. *See Yang*, 2017 WL 4022355, 1 (citing *Macklin v. City of New Orleans*, 293 F.3d 237, 241 (5th Cir. 2002) and *Carmon v. Lubrizol Corp.*, 17 F.3d 791, 795 (5th Cir. 1994)).

Although the instant brief was filed before this court's sanction warning in *Yang*, counsel did not move to withdraw or amend the instant brief after receiving the warning. Further, counsel did not file a reply brief addressing the Government's argument that his brief is deficient. Given those omissions, within 30 days of the date of this opinion, counsel is ORDERED to show cause why he should not be sanctioned. *Cf. Perez-Lopez v. Holder*, 408 F. App'x 854, 855-56 (5th Cir. 2011). Moreover, because counsel represents other petitioners in immigration cases before this court, counsel is further ORDERED, within 30 days of the date of this opinion, to review all filings currently pending before this court to ensure that they are in compliance with Rule 28. Counsel is again WARNED that any future frivolous or noncompliant filings will result in sanctions.