# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60018
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2017

Lyle W. Cayce
Clerk

GILBERTO OSORIO DIAZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 379 867

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Gilberto Osorio Diaz petitions for review of a decision of the Board of Immigration Appeals (BIA). The BIA affirmed the immigration judge's (IJ) denial of relief from removal, including Osorio Diaz's applications for asylum and withholding of removal.

Osorio Diaz's brief, through counsel Donglai Yang, is virtually identical to the brief he filed with the BIA. The brief devotes less than three pages to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60018

his argument, advances conclusory assertions, and provides scant record and case citations. The brief only cites one case from a court of appeals — out of circuit — which is not included in the list of authorities. Moreover, some of the cases included in the list of authorities are not cited in the brief. Because Osorio Diaz's brief has not meaningfully challenged the BIA's reasons for upholding the IJ's denial of relief from removal, Osorio Diaz effectively has waived any challenge to the BIA's decision. *United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); FED. R. APP. P. 28(a)(8)(A). Therefore, the petition for review is DENIED.

This is not the first time we have rejected claims brought by counsel for failure to adequately brief. *See Yang v. Sessions*, 697 F. App'x 369, 369 (5th Cir. 2017); *Poscual-Jimenez v. Sessions*, 678 F. App'x 191, 192 (5th Cir. 2017). Moreover, in *Yang*, we warned counsel that we would impose sanctions for future frivolous filings. *See Yang*, 697 F. App'x at 369-70 (citing *Macklin v. City of New Orleans*, 293 F.3d 237, 241 (5th Cir. 2002), and *Carmon v. Lubrizol Corp.*, 17 F.3d 791, 795 (5th Cir. 1994)).

Although the instant brief was filed before this court's sanction warning in *Yang*, counsel did not move to withdraw or amend the instant brief after receiving the warning. Given that omission, within 30 days of the date of this opinion, counsel is ORDERED to show cause why he should not be sanctioned. *Cf. Perez-Lopez v. Holder*, 408 F. App'x 854, 855-56 (5th Cir. 2011). Moreover, because counsel represents other petitioners in immigration cases before this court, counsel is further ORDERED, within 30 days of the date of this opinion, to review all filings currently pending before this court to ensure that they are in compliance with Rule 28. Counsel is again WARNED that any future frivolous or noncompliant filings will result in sanctions.