# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60174
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 16, 2018

Lyle W. Cayce
Clerk

KUI CHEN,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 912 713

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kui Chen petitions for review of a decision of the Board of Immigration Appeals. He challenges the denial of relief from removal, including applications for asylum, withholding of removal, and relief under the Convention Against Torture.

Counsel for Chen, Donglai Yang, moves to file an amended brief to correct deficiencies in the original brief. The amended brief submitted by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60174

counsel is hardly an improvement from the original brief. The facts contained in the amended brief are not the facts in Chen's case, although there are similarities, and a large portion of the brief refers to Chen by the wrong gender. Nevertheless, as counsel has attempted to improve the brief, we will grant the motion to amend.

Chen challenges the adverse credibility determination made in this case and raises a patently frivolous argument that the immigration judge failed to consider the documentary evidence submitted in support of his claims. The adverse credibility determination is based on specific, cogent reasons and is supported by the record. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005); 8 U.S.C. § 1158(b)(1)(B)(iii). Because the adverse credibility determination is supported by substantial evidence, this court will not reverse that decision. *See Vidal v. Gonzales*, 491 F.3d 250, 254 (5th Cir. 2007).

This is not the first time counsel has filed frivolous claims or a poor quality brief. *See Yang v. Sessions*, 697 F. App'x 369, 370 (5th Cir. 2017). Sanctions may be warranted where we are "left with the inescapable impression that [the appellant's] arguments on appeal were so totally without merit and his briefing so sloppily prepared." *Macklin v. City of New Orleans*, 293 F.3d 237, 241 (5th Cir. 2002). We have imposed sanctions under Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927 for the filing of a "'slapdash' excuse for a brief" after noting that "poor quality of briefing is inexcusable." *Carmon v. Lubrizol Corp.*, 17 F.3d 791, 795 (5th Cir. 1994). Counsel is therefore warned that future frivolous filings may invite the imposition of sanctions. *See Cilauro v. Thielsch Eng'g*, 123 F. App'x 588, 591 (5th Cir. 2005) (issuing a warning to counsel for filing a frivolous brief).

MOTION GRANTED; PETITION DENIED; SANCTION WARNING ISSUED.