# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60356
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2018

Lyle W. Cayce
Clerk

CLAUDIA CAROLINA RAPALO-MENDOZA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 696 963

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Claudia Carolina Rapalo-Mendoza, a native and citizen of Honduras, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing her appeal of a decision by an immigration judge (IJ) denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Rapalo-Mendoza originally sought relief based on her alleged fear of gang violence, but at the IJ hearing she asserted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for the first time that she feared continued domestic violence at the hands of her putative husband, Omar.

We review the BIA's decision but also the IJ's decision to the extent it influenced the BIA. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). "Asylum is discretionary and may be granted to an alien who is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citations omitted). "An applicant for withholding of removal must show that it is more likely than not that his life or freedom would be threatened by persecution on account of one of the five categories mentioned under asylum." *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002) (internal quotation marks and citation omitted). Rapalo-Mendoza has abandoned any claim for relief under the CAT. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (noting that unargued claims are abandoned).

Rapalo-Mendoza's motion to file an amended brief is granted in light of our previous warnings to her attorney, Donglai Yang. *See Diaz v. Sessions*, 707 F. App'x 289, 290 (5th Cir. 2017). In her amended brief, Rapalo-Mendoza contends that the BIA should have remanded the case so the IJ could consider additional evidence supporting her assertion that she fled Honduras due to the threat of domestic violence. We review the refusal to remand "under a highly deferential abuse-of-discretion standard." *Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014) (internal quotation marks and citation omitted). A remand for additional proceedings to consider new evidence may be granted only if the "evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ." *Id.*

No. 17-60356

(internal quotation marks and citation omitted); *see Matter of Coelho*, 20 I. & N. Dec. 464, 471 (BIA 1992).    Rapalo-Mendoza fails to show that the evidence could not have been presented to the IJ.  She also fails to show that the evidence was material, where it did not negate her own testimony that she was not abused between 2009 and 2014 when she fled to the United States. The refusal to remand was not an abuse of discretion.  *See Milat*, 755 F.3d at 365.

In addition, Rapalo-Mendoza contends that the BIA should have rejected the IJ's determination that she was not credible.  She argues that her daughter, Astrid, corroborated her account of being choked by Omar.  We will reverse the BIA's decision to uphold the IJ's adverse credibility determination only if the record compels the conclusion that Rapalo-Mendoza was credible. *See Wang v. Holder*, 569 F.3d 531, 536-37 (5th Cir. 2009).  The IJ's adverse credibility finding was not based on any doubt about the choking incident but rather on inconsistencies between Astrid's and Rapalo-Mendoza's testimony about Omar's attempts to contact Astrid after 2009.  The IJ also reasoned that Rapalo-Mendoza's lack of credibility was established by her inexplicable failure to tell even her lawyer that domestic abuse was her reason for fleeing Honduras.  The record does not compel a finding of credibility.  *See Wang*, 569 F.3d at 538-39.

Finally, Rapalo-Mendoza offers a vague argument that a family can constitute a "particular social group."  However, she fails to explain how this general principle of law applies to her specific assertions that she is a member of a protected class of either Honduran women who are victims of domestic violence and cannot leave their relationships, or "family of the victim of gang violence in Honduras."  Neither has she addressed the IJ's finding that she "was able to, and did, in fact, leave the relationship with Omar."  She thus fails

No. 17-60356

to establish her membership in a particular social group. *See Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994).

The motion to file an amended brief is GRANTED; the petition for review is DENIED.