# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60651
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 12, 2018

Lyle W. Cayce
Clerk

ZU AIHUNG, also known as Yihong Zhu,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 403 047

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Zu Aihung petitions for review of a decision of the Board of Immigration Appeals (BIA). The BIA adopted and affirmed the immigration judge's (IJ) denial of relief from removal, including Zu's applications for asylum and withholding of removal.

Zu's original brief, through counsel Donglai Yang, was virtually identical to the brief he filed with the BIA. That brief was inadequate, and it was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60651

withdrawn.  Zu has filed an amended brief that differs from the original only in the addition of a recitation of boilerplate law on credibility determinations in immigration proceedings.  The amended brief makes no attempt to apply the cited law to the facts of Zu's case.  Because Zu's brief has not meaningfully challenged the BIA's reasons for upholding the IJ's denial of asylum and withholding of removal, Zu has effectively waived any challenge to the BIA's decision.  *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); FED. R. APP. P. 28(a)(8)(A).  Therefore, the petition for review is DENIED.

This is not the first time we have rejected claims brought by counsel for failure to adequately brief.  *See Yang v. Sessions*, 697 F. App'x 369, 369 (5th Cir. 2017).  Sanctions may be warranted where we are "left with the inescapable impression that [the appellant's] arguments on appeal were so totally without merit and his briefing so sloppily prepared."  *Macklin v. City of New Orleans*, 293 F.3d 237, 241 (5th Cir. 2002).  We have imposed sanctions under Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927 for the filing of a "'slap-dash' excuse for a brief" and noted that "poor quality of briefing is inexcusable."  *Carmon v. Lubrizol Corp.*, 17 F.3d 791, 795 (5th Cir. 1994).  Counsel is therefore warned that future frivolous filings may invite the imposition of sanctions.  *See Cilauro v. Thielsch Eng'g, Inc.*, 123 F. App'x 588, 591 (5th Cir. 2005) (issuing a warning to counsel for filing a frivolous brief).

PETITION DENIED; SANCTION WARNING ISSUED.