# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60646
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 19, 2018

Lyle W. Cayce
Clerk

LU ZHANG,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 823 582

Before BENAVIDES, HIGGINSON, and ENGELHARDT, Circuit Judges.
PER CURIAM:*

Lu Zhang petitions for review of the decision of the Board of Immigration
Appeals (BIA) dismissing his appeal from the immigration judge's (IJ) denial
of his application for asylum, withholding of removal, and Convention Against
Torture (CAT) relief. Zhang asserts that the BIA erred by upholding the IJ's
determination that he is not credible because the IJ's determination was based
upon speculation. Because the BIA relied upon the IJ's decision, we may

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

review the decisions of both the BIA and the IJ. *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).

Credibility determinations are factual findings that we review for substantial evidence. *Wang v. Holder*, 569 F.3d 531, 536-40 (5th Cir. 2009). Under the substantial evidence standard, we may not reverse an immigration court's factual findings unless the evidence "compels" such a reversal—*i.e.*, the evidence must be "so compelling that no reasonable factfinder could conclude against it." *Id.* at 536-37. The IJ and the BIA "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Id.* at 538 (internal quotation marks and citation omitted) (emphasis in original).

Aside from adding a page of citations to legal authorities which, once set forth, are never again mentioned, Zhang's amended brief is virtually identical to his original brief, which, in turn, was largely the same as the brief that he filed before the BIA. All three briefs were filed on Zhang's behalf by attorney Donglai Yang.

Argumentation in the amended brief consists of five paragraphs (less than three pages), only one paragraph of which even remotely addresses the BIA's reasons for upholding the IJ's adverse credibility determination. Not only does that single paragraph advance conclusory assertions, it incorrectly states that the inconsistencies cited by the BIA only arose during the cross-examination portion of Zhang's testimony, when, in fact, the subjects at issue were all broached on direct examination.

In short, Zhang identifies no evidence compelling the conclusion that the BIA erred by finding him not credible. *See Wang*, 569 F.3d at 536-37. He does not raise, and has therefore abandoned, any arguments that the BIA erred by

denying him asylum, withholding of removal, or CAT relief despite the adverse credibility determination. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Therefore, the petition for review is DENIED.

We have warned counsel on four prior occasions that we would impose sanctions for future frivolous filings. *See Chen v. Sessions*, 715 F. App'x 408, 409 (5th Cir. 2018); *Diaz v. Sessions*, 707 F. App'x 289, 290 (5th Cir. 2017); *Liu v. Sessions*, 706 F. App'x 216, 217 (5th Cir. 2017); *Yang v. Sessions*, 697 F. App'x 369, 369 (5th Cir. 2017). In two of those cases, we ordered counsel to review all filings then pending to ensure that they complied with Federal Rule of Appellate Procedure 28. *See Diaz*, 707 F. App'x at 290; *Liu*, 706 F. App'x at 217. Counsel was even ordered to show cause why he should not be sanctioned. *See Diaz*, 707 F. App'x at 290.

Although counsel filed the amended brief in the instant case in belated response to our order in *Liu*, the brief fails to comply fully with Rule 28. The table of authorities does not list two of the seven cases cited in the body of the amended brief. *See* FED. R. APP. P. 28(a)(3). Moreover, the entire amended brief contains only four record citations which, collectively, cite two pages from the IJ's decision. *See* FED. R. APP. P. 28(a)(6) and (8)(A).

Accordingly, counsel is ORDERED to show cause within 30 days of the date of this opinion why he should not be sanctioned. Counsel is again ORDERED to review all filings currently pending before this court within 30 days of the date of this opinion to ensure that they are not frivolous and are in compliance with Rule 28. Counsel is also again WARNED that any future frivolous or noncompliant filings will result in sanctions.