# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 18-10639
Summary Calendar

———

United States Court of Appeals
Fifth Circuit

**FILED**

June 18, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHIE LOUIS KRASE, also known as "Krazy Kraze", also known as Sean
Haas, also known as Richard Louis Kraze, also known as Richie Louis Kraze,

Defendant-Appellant

———

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-198-7

———

Before DENNIS, CLEMENT, AND OWEN, Circuit Judges.

PER CURIAM:[*]

Richie Louis Krase appeals his 250-month term of imprisonment imposed following his guilty plea conviction for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, a controlled substance. Krase has failed to adequately brief his arguments that (1) the district court clearly erred in not relying on the statements of coconspirators

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10639

who testified at a trial, (2) his sentence should not be upheld based on the statements of coconspirators that were not supported by evidence, and (3) he was held accountable for drug transactions that occurred while he was incarcerated.  Therefore, he has abandoned those claims on appeal.  *See* FED. R. APP. P. 28(a)(8)(A); *United States v. Cothran*, 302 F.3d 279, 286 n.7 (5th Cir. 2002).

Krase argues that the district court overestimated the drug quantity attributed to him at sentencing because the amounts were based on statements of a coconspirator who did not testify at trial and who was not subject to cross-examination.  Krase preserved this error by objecting at sentencing; therefore, this court reviews the sentencing court's factual findings for clear error and its interpretation or application of the Guidelines de novo.  *See United States v. Gomez-Alvarez*, 781 F.3d 787, 791 (5th Cir. 2015).  "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotation marks and citation omitted).  The district court heard the testimony of the case agent relative to the information provided by Shanda Hawkins, a coconspirator, concerning Krase's role in the conspiracy and the testimony of Krase indicating that he had a very limited role in the drug-trafficking conspiracy.  After considering the competing evidence, the district court concluded that the preponderance of the reliable evidence showed that Krase was involved with 1.62 kilograms of methamphetamine, a finding that is entitled to deference.  *See United States v. Harris*, 702 F.3d 226, 231 (5th Cir. 2012); *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006).  The district court's determination of the drug quantity attributable to Krase was "plausible in light of the record read as a whole," and, therefore, was not clearly

erroneous. *See Betancourt*, 422 F.3d at 246 (internal quotation and citation omitted).

Next, Krase asserts that the district court clearly erred in making a two-level enhancement of his base offense level for use of a dangerous firearm during the drug activity based on a single ambiguous statement by Hawkins that Krase was "known to carry a gun." Krase preserved this error by filing an objection to the enhancement. *See Gomez-Alvarez*, 781 F.3d at 791. Section 2D1.1(b)(1) provides for a two-level enhancement if the defendant possessed a dangerous weapon in connection with the offense. In addition to Hawkins's statement to law enforcement that Krase was observed in possession of a weapon, the probation officer advised that a second coconspirator had reported that Krase was seen in possession of a firearm on three occasions during the conspiracy. Krase did not present any rebuttal evidence showing that this information was "materially untrue, inaccurate or unreliable." *See Harris*, 702 F.3d at 230 (internal quotations and citation omitted). Thus, the district court's determination that Krase possessed a dangerous weapon during drug-trafficking activity was "plausible in light of the record read as a whole," and, therefore, was not clearly erroneous. *See Betancourt*, 422 F.3d at 246 (internal quotation and citation omitted); *United States v. Vital*, 68 F.3d 114, 119 (5th Cir. 1995).

Additionally, Krase contends that the district court clearly erred in overruling his objection to the two-level adjustment to his offense level based on the possession and distribution of methamphetamine imported from Mexico. The two-level U.S.S.G. § 2D1.1(b)(5) enhancement applies if "the offense involved the importation of amphetamine or methamphetamine" and the defendant does not receive a mitigating role adjustment. Krase was not found to have a mitigating role in the offense. Possession with intent to

distribute imported methamphetamine "without more" subjects the defendant to the § 2D1.1(b)(5) enhancement, even if he is not personally involved in the importation or does not know that the methamphetamine was imported. *See United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014). Based on reliable evidence in the record, it was plausible for the district court to determine that Krase was in possession of imported methamphetamine with the intent to distribute it. *See Foulks*, 747 F.3d at 915; *Betancourt*, 422 F.3d at 246. Thus, the district court did not clearly err in making the enhancement under § 2D1.1(b)(5). *See id.*

Krase complains that there were inappropriate references in the presentence report (PSR) to his affiliation with a white supremacy gang because he had ended his association with that gang. He further complains that did not receive adequate "credit" for participating in the state prison's Gang Renunciation and Disassociation program because he was unable to complete the program since a federal writ was issued for his presence in this case. Krase has not demonstrated that there was any incorrect information in the PSR relative to his past gang affiliation or that improper consideration was given to that affiliation by the district court at his sentencing. The district court's ruling was not clearly erroneous. *See Betancourt*, 422 F.3d at 246.

Last, Krase argues that the district court erred in overruling his objection to the district court's reliance on a drug offense charge that was dismissed to enhance his criminal history score. The offense was listed in the "other criminal conduct" section of the PSR, where it was stated that the case was dismissed due to prosecutorial discretion. The PSR clearly stated that this offense had no effect on the determination of Krase's sentencing guidelines range, and the district court agreed with the findings in the PSR. Krase has not demonstrated that the information in the report was incorrect and,

No. 18-10639

therefore, the district court did not clearly err in overruling the objection. *See Betancourt*, 422 F.3d at 246.

Except for his briefing of the drug quantity issue, appointed counsel failed to comply with the briefing requirements of Federal Rule of Appellate Procedure 28(a). Counsel should be mindful of his responsibility to file an adequate brief, and counsel is CAUTIONED that the filing of similar inadequate briefs in the future may result in the imposition of sanctions. *See United States v. Alaniz*, 569 F. App'x 219, 221 (5th Cir. 2014).

AFFIRMED.