# United States Court of Appeals for the Fifth Circuit

_____

No. 25-60057
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2025

Lyle W. Cayce
Clerk

Ana Maricela Paredes-Erazo; Luis Alejandro Turcios-Paredes,

*Petitioners,*

*versus*

Pamela Bondi, *U.S. Attorney General,*

*Respondent.*

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A201 402 926,
A201 402 927

_____

Before Barksdale, Stewart, and Ramirez, *Circuit Judges.*

Per Curiam:[*]

Ana Maricela Paredes-Erazo, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) upholding the immigration judge's (IJ's) denial of her application for asylum, withholding of removal, and protection under the Convention Against

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60057

Torture (CAT).  (The other petitioner is Paredes' son, who is a derivative applicant only on her asylum application.)

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012).  The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo*. *Id.*  Findings of fact, including an applicant's eligibility for asylum, withholding of removal, and relief under CAT, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).  Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted).

The IJ denied Paredes' asylum and withholding-of-removal claims based on, *inter alia*, her failure to establish the Honduran government's inability or unwillingness to control her alleged persecutors.  The BIA dismissed her asylum and withholding claims on this ground, concluding that she waived review of the issue by failing to brief it.  She does not challenge the BIA's waiver determination in her petition for review; accordingly, she has abandoned the issue before our court. *E.g.*, *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (when appellant fails to identify any error in district court's analysis, it is same as if she had not appealed); *see also Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (applying *Brinkmann* in immigration context).  Because the uncontested finding is dispositive of her asylum and withholding claims, she has shown no error in connection with the BIA's rejection of these claims. *E.g.*, *Sanchez-Amador v. Garland*, 30 F.4th 529, 533 (5th Cir. 2022).

No. 25-60057

Turning to Paredes' CAT claim, she likewise does not challenge the BIA's determination that she waived the claim. Accordingly, she has abandoned any challenge to it. *E.g.*, *Soadjede*, 324 F.3d at 833.

In short, Paredes' brief, through Donglai Yang (counsel), does not meaningfully challenge the BIA's reasons for upholding the IJ's denial of Paredes' asylum, withholding, and CAT claims. Her petition, therefore, is DENIED.

This is not the first time our court has rejected claims brought by counsel for failure to adequately brief; in fact, our court has warned him on at least *six* prior occasions that we would impose sanctions for future frivolous filings. *See Zhang v. Sessions*, 738 F. App'x 303, 304–05 (5th Cir. 2018); *Aihung v. Sessions*, 737 F. App'x 226, 226–27 (5th Cir. 2018); *Chen v. Sessions*, 715 F. App'x 408, 408–09 (5th Cir. 2018); *Diaz v. Sessions*, 707 F. App'x 289, 290 (5th Cir. 2017); *Liu v. Sessions*, 706 F. App'x 216, 217 (5th Cir. 2017); *Yang v. Sessions*, 697 F. App'x 369, 370 (5th Cir. 2017). Moreover, in three of those cases, our court ordered counsel to review all filings then pending to ensure that they complied with Federal Rule of Appellate Procedure 28 (outlining requirements for adequate appellate briefs) and issued an order to show cause regarding why he should not be sanctioned. *See Zhang*, 738 F. App'x at 304–05; *Liu*, 706 F. App'x at 217; *Diaz*, 707 F. App'x at 290.

As our court noted in *Aihung*, "[s]anctions may be warranted where we are 'left with the inescapable impression that the appellant's arguments on appeal were so totally without merit and his briefing so sloppily prepared'". 737 F. App'x at 226 (quoting *Macklin v. City of New Orleans*, 293 F.3d 237, 241 (5th Cir. 2002)). Here, counsel's brief is entirely non-responsive to the grounds upon which the BIA denied Paredes' appeal; he appears to have copied and pasted portions of the argument section of his

No. 25-60057

brief, as evidenced by virtually identical language in several other briefs that he has filed in this court. In addition, he filed no reply brief in response to the Government's assertions that his brief was deficient.

Given the poor quality of counsel's brief, the number of prior warnings given to him, and his repeated inadequate briefing, he is ORDERED to show cause within 30 days of the date of this opinion why he should not be sanctioned. Counsel is again ORDERED to review all filings currently pending before this court within 30 days of the date of this opinion to ensure that they are not frivolous and are in compliance with Rule 28. Counsel is also again WARNED that any future frivolous or noncompliant filings will result in sanctions.

PETITION DENIED; SHOW CAUSE ORDER ISSUED; FILINGS REVIEW ORDER ISSUED; SANCTION WARNING ISSUED.